IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE YARBROUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02 C 7196 |
| ) | |
| SALES, INC. d/b/a DODGE OF ) | |
| MIDLOTHIAN, ) | HONORABLE CHARLES R. NORGLE |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Defendant's Motion for Summary Judgment brought pursuant to Federal Rule of Civil Procedure 56(c). For the following reasons, the court grants Defendant's Motion for Summary Judgment.

**I. BACKGROUND[1]**

**A. Facts**

This case arises out of the sale of a used automobile between Plaintiff Terrence Yarbrough ("Yarbrough") and Defendant Sales, Inc, d/b/a Dodge of Midlothian, Inc. ("Sales"). In March 2001, Sales sold Yarbrough a used 2000 Chrysler Intrepid. The Chrysler Intrepid is manufactured in Canada, while in the United States, the car is known as the Dodge Intrepid. Cars like this 2000 Chrysler Intrepid, which are manufactured in Canada and sold in the United

---

[1] The court takes the undisputed facts from the parties' Local Rule 56.1 Statements, and notes disputed facts within the text.

1

States are known as "grey market vehicles." According to Yarbrough, at the he purchased the vehicle, it had approximately 33,000 miles on the odometer. In accordance with the purchase, Yarbrough signed a retail installment contract and odometer disclosure statement. According to Yarbrough, the only problem he had with the car involved the trunk, which was repaired under the warranty agreement.

Then, in 2003, Yarbrough attempted to trade in the Intrepid because he wanted to buy a new automobile. Yarbrough took the car to South Holland Dodge to trade it in, as well as for an inspection. Yarbrough claims that an employee at South Holland Dodge told him that something was wrong with the odometer, and that it had "potentially" been tampered with. South Holland Dodge subsequently refused to take Yarbrough's vehicle as a trade-in. After Yarbrough left the dealership, he did not return to Sales, nor did he speak with anyone from Sales in regards to the Intrepid.

## B. Procedural History

On November 4, 2003, Yarbrough filed his Second Amended Complaint, alleging violations of the Federal Odometer Act, the Illinois Motor Vehicle Act, the Illinois Consumer Fraud and Deceptive Business Practices Act, and a single count of negligence. Then, on April 30, 2004, Sales filed its Motion for Summary Judgment. Yarbrough filed his Response on June 4, and Sales Replied on June 18, 2004. Sales' Motion for Summary Judgment is fully briefed and before the court.

## II. DISCUSSION

## A. Standard of Review

Summary judgment is permissible when "there is no genuine issue as to any material fact

and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Heft v. Moore, 351 F.3d 278, 283 (7th Cir. 2003), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Szymanski v. Rite-Way Lawn Maintenance Co., 231 F.3d 360, 364 (7th Cir. 2000); see also Vukadinovich v. Bd. of Sch. Tr.'s of North Newton School, 278 F.3d 693, 699 (7th Cir. 2002).

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Stinnett v. Iron Works Gym/Executive Health Spa, Inc., 301 F.3d 610, 613 (7th Cir. 2002). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. See FED. R. CIV. P. 56(c); see also Koszola v. Bd. of Educ. of City of Chicago, 385 F.3d 1104, 1108 (7th Cir. 2004). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also First Nat'l Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 280 (1968); Spiegla v. Hall, 371 F.3d 928, 935 (7th Cir. 2004). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

When a party moves for summary judgment, the court must view the record and all inferences in a light most favorable to the non-moving party. Ameritech Benefit Plan Comm. v. Communication Workers of Am., 220 F.3d 814, 821 (7th Cir. 2000). However, the inferences construed in the non-moving party's favor must be drawn from specific facts identified in the record that support that party's position. See Szymanski, 231 F.3d at 364. Under this standard,

"[c]onclusory allegations alone cannot defeat a motion for summary judgment." Thomas v. Christ Hospital and Medical Center, 328 F.3d 890, 892-93 (7th Cir. 2003) (citing Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 888-89 (1990)).

**B. The Federal Odometer Act- 49 U.S.C. § 32710**

The Federal Odometer Act ("FOA") provides in part:

Under regulations prescribed by the Secretary of Transportation that include the way in which information is disclosed and retained under this section, a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:
    (A) Disclosure of the cumulative milage registered on the odometer.
    (B) Disclosure that the actual milage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled.

49 U.S.C. § 32705(a)(1). Pursuant to this statute, the National Highway Traffic Safety Administration ("NHTSA") promulgated the following regulation: "In connection with the transfer of ownership of a motor vehicle, each transferor shall disclose the mileage to the transferee in writing on the title or . . . on the document being used to reassign the title." 49 C.F.R. § 580.5(c). Lastly, "the provision of the Odometer Act that provides a private right of action states: 'A person that violates this chapter or a regulation prescribed . . . under this chapter, with intent to defraud, is liable.'" Ioffe v. Skokie Motor Sales, Inc., 414 F.3d 708, 712 (7th Cir. 2005). Moreover, "the private right of action covers prohibited acts that are committed with fraudulent intent and excludes cases where some fraudulent act happens to coincide with a violation of a regulation but the violative act is done for reasons other than to perpetrate fraud." Id., at 712. Therefore, the intent requirement is an essential element of any claim brought under the FOA. See Ioffe, 414 F.3d at 714 ("The language and context of the Odometer Act and its

4

odometer converted from kilometers to miles." Pl.s' Resp. to Stmt. of Mat. Facts, Ex. D. However, these declarations do not create a genuine issue of material fact as to whether Sales violated the disclosure requirement in § 32710. Furthermore Yarbrough does not submit the actual disclosure form he claims as the basis for his suit, nor does he offer any direct evidence of the specific milage on the Intrepid at the time of purchase. The court is not required to play "archeologist with the record" and dig through volumes of pleadings to decipher the exact milage of Yarbrough's Intrepid at the time of purchase. See In re Dye, 360 F.3d 744, 751 (7th Cir. 2004) (citing DeSilva v. DiLeonardi, 181 F.3d 865, 867 (7th Cir. 1999)).

Second, and most significant, Yarbrough offers no evidence that creates a genuine issue of material fact as to whether Sales acted with an intent to defraud. Yarbrough submits no evidence, such as the actual milage disclosure forms at issue to support his claim. The private right of action that the FOA provides for "covers prohibited acts that are committed with fraudulent intent and excludes cases where some fraudulent act happens to coincide with a violation of a regulation but the violative act is done for reasons other than to perpetrate a fraud." Ioffe, 414 F.3d at 712. The record contains no evidence to suggest that Sales intended to defraud Yarbrough when he purchased the Intrepid. Yarbrough suggests that because Sales' failed to inform him that the car was built Canada, and that the odometer was converted from kilometers, this equates to a violation of the FOA. See Compl., ¶ 19. However, "Congress expressly limited the private right of action to the subset of violations that are committed with fraudulent intent." Ioffe, 414 F.3d at 714. While Yarbrough is not required to prove his case at the summary judgment stage, he must provide some evidence that creates a genuine issue of material fact. See Szymanski, 231 F.3d at 364. "To defeat summary judgment [Yarbrough] must present

6

implementing regulations support the conclusion that the Act's private right of action... extends only to cases where the transferor intended to defraud a transferee about the vehicle's milage."); Diersen v. Chicago Car Exchange, 110 F.3d 481, 485 (7th Cir. 1997) ("The Odometer Act provides for a private cause of action against a person who violates the Act with the 'intent to defraud.'"); see also Jones v. Hanley Dawson Cadillac Co., 848 F.2d 803, 808 (7th Cir. 1988) ("[M]ere negligence cannot be the basis for civil liability under the Odometer Act...."). With these principles in mind, we turn to Yarbrough's claims.

**B. Yarbrough's Claims under the FOA**

In order to succeed on a claim under the FOA, Yarbrough must establish both: (1) a violation of the FOA's disclosure requirement; and (2) an intent to defraud. See 49 U.S.C. § 32710; Ioffe, 414 F.3d at 711. Yarbrough alleges that "Defendant inaccurately disclosed the 'mileage' with the intent to defraud Plaintiff in order to hide the vehicle's history." Compl., ¶ 12. Additionally, Yarbrough claims that "the conduct of the Defendant in providing a false odometer statement was done with intent to defraud, and constituted a violation of the Federal Odometer Act." Id., ¶ 18.

First, the record is not clear as to whether Yarbrough has established the first prong of his claim; that Sales violated that FOA disclosure agreement. Yarbrough submits no evidence that creates a genuine issue of material fact as to this claim. The "false odometer statement" Yarbrough claims Sales filled out is not attached to the Complaint, nor is there any direct evidence of the actual milage on the automobile at the time of purchase. The only evidence Yarbrough submits are Declarations by customers of Sales that claim they were "never informed by any agent or employee of Dodge of Midlothian that the Intrepid I purchased . . . had its

5

something by which a jury could connect the dots . . . and at best he has presented only bare speculation or a scintilla of evidence, neither of which will suffice." Roger Whitemore's Auto. Services, Inc. v. Lake County, Illinois, 424 F.3d 659, 669 (7th Cir. 2005) (citing Anderson, 477 U.S. at 251-52). As a result, because there are no facts in the record that would allow a rational jury to find for Yarbrough, summary judgment is proper for Sales.

## III. CONCLUSION

For the foregoing reasons, the court grants Defendant's Motion for Summary Judgment. IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge

United States District Court

DATED: 1-18-06